WILLIAM JONES, EXECUTOR, v. MRS. FANNIE HUNTLEY ET AL.

(Filed 25 October, 1911.)

1. Wills—Intent—Debts—Order of Payment—Personal Property— Charge Upon Realty—Executors and Administrators.

While, ordinarily, personal property must first be exhausted by the personal representatives of the deceased before resorting to the sale of real property for the payment of the debts of the deceased, it is within the power of a testator to say what property shall be first liable and in what order; and it clearly appearing from the will that it was the intent of the deceased that his interests in realty should be liable for his debts, rather than a specific bequest of personalty, this intent will be carried out.

**2. Same—Specific Legacy.**

A specific bequest to M. by item 1 of a will, "My insurance
policy of $1,000 in" a certain named company, giving its date,
with the "will and desire that she shall have all the benefits
accruing thereunder in the event" of the testator's death; which
by item 2 provides that the burial expenses be paid out of any
other property, after which the balance of the personal property
and real estate shall be divided among the heirs as the law may
direct: *Held*, the intent of the testator was that all his debts
be paid from the property embraced in the second item, extend-
ing to an ownership of an interest in remainder (Revisal, sec.
3140), in exoneration of the specific bequest contained in item 1.

APPEAL by defendants from *Justice, J.,* at June Term, 1911,
of ANSON.

This was a petition to sell land to make assets, filed by the
executor of Elijah D. Huntley against his heirs at law. The
sole question presented was the construction of the will as set
out upon the following facts agreed:

"Elijah D. Huntley died on 13 December, 1902, leaving a
will, two of the items of which are as follows:

"First. I hereby give and bequeath to Miss Hattie Hasty,
of the said county and State, my insurance policy of one thou-
sand dollars ($1,000) in the Phœnix Mutual Life Insurance
Company of Hartford, Conn., bearing date 17 November, 1902;
and it is my will and desire that she, the said Miss Hattie
Hasty, shall have all the benefits accruing thereunder, in the
event of my death.

"Second. I desire that my debts (if any) and burial expenses
be paid out of any other property of which I die possessed,
after which the balance of my personal property and real
estate shall be divided between my legal heirs as the law may
direct."

The plaintiff qualified as his executor. The testator did not
at his death have sufficient personal property other than the
insurance policy referred to in item 1, to pay the debts and
burial expenses. The plaintiff used $400 of the proceeds of
the insurance for the payment of debts.

The testator at the time of his death was the owner of an
interest in the remainder in some lands in Anson County. The

plaintiff brought this action to sell these lands for the purpose of reimbursing the legatee for the amount of the policy which had been used for the payment of debts.

From the judgment the defendants appealed.

*Russell & Weatherspoon and McLendon & Thomas for plaintiff.*

*Lockhart & Dunlap for defendants.*

CLARK, C. J. The judgment of his Honor was correct, and so fully states his reasons that we reproduce it as the opinion of this Court.

"The court is of the opinion, and so adjudges, that the said policy of insurance, or proceeds thereof, is and was intended by the testator to be an absolute, specific legacy; and the land mentioned in the second clause not being specifically devised, and the intention of testator appearing in the will that the property so mentioned in item 2 should be subject to the payment of debts in exoneration of the said policy, it is ordered and adjudged that if it shall be found that there is not sufficient personal property, other than the proceeds of the policy, to pay the debts of the testator, that the plaintiff as executor have license to sell the land to pay the debts, and that the policy, or the proceeds of the same, shall not be liable until all the property, real and personal, mentioned or referred to in the second clause of the will be exhausted."

Ordinarily, the personalty must first be exhausted before recourse can be had for the payment of debts to the realty. But the testator can change this order. The prime consideration in the construction of a will is the intent. As to that there can be no doubt upon the face of the will. The testator intended that the property in item 2 of the will should be charged with the payment of debts and burial expenses in exoneration of the property mentioned in item 1. By item 1 the testator bequeathed, not "$1,000," but his "insurance policy of $1,000," using the words one thousand dollars as descriptive of the policy. His intention to make the policy a specific bequest is further manifested by his description of it, giving

the name and location of the company, the amount, and date. The further words, that "the said Miss Hattie Hasty shall have all the benefits accruing thereunder in the event of my death," show clearly that he intended it should be specifically exonerated from the payment of debts. This intent he further indicates by providing in section 2 that his debts and burial expenses should "be paid out of any other property of which I shall die possessed." He further adds to this by saying "after which" the balance of his personal and real property should be divided between his legal heirs as the law may direct.

The words "other property of which I shall die possessed, after which the balance of my personal property and real estate shall be divided, etc.," include the ownership of an interest in remainder of lands. Revisal, 3140.

The intent of the will seems to us so plain that no citation of authorities could throw any additional light upon its construction. The judgment of his Honor is in all respects

Affirmed.